SCOTT E. BRADFORD, OSB #062824
United States Attorney
District of Oregon
**JEFFREY S. SWEET, OSB #994183**
Assistant United States Attorney
jeff.sweet@usdoj.gov
405 East 8th Avenue, Suite 2400
Eugene, Oregon 97401
Telephone: (541) 465-6771
Attorneys for the United States of America

## UNITED STATES DISTRICT COURT

## DISTRICT OF OREGON

## EUGENE DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA** | **6:24-CR-000358-001-MTK** |
| **v.** | **GOVERNMENT'S SENTENCING MEMORANDUM** |
| **MATTHEW KNAPP,** | |
| **Defendant.** | |

Defendant Matthew Knapp has a long history of unlawfully possessing firearms—including a 2019 federal conviction for felon in possession of a firearm—and in December 2023 he did so again. Though his possession of the pistol was brief, the context in which he did so and his repeated involvement with firearms merits a prison sentence of 14 months.

### Guilty Plea & Guideline Computations

On February 20, 2026, Mr. Knapp pleaded guilty to Count 1 of the Superseding Information, charging felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1). The government agrees with the guideline calculations as set forth in the Presentence Report:

**Government's Sentencing Memorandum**                                     **Page 1**

| GUIDELINES | AMOUNT |
|---|---|
| Base offense level USSG § 2K2.1(a)(6)(A) | 14 |
| Stolen firearm USSG § 2K2.1(b)(4) | +2 |
| Acceptance of Responsibility USSG 3E1.1 | -3 |
| **Total Offense Level** | **13** |

Mr. Knapp has a criminal history category of IV. The defense argues that Mr. Knapp's criminal history category is overrepresented because his April 2013 assault was not charged until March 2016, and argues if it had been charged earlier the conviction likely would not have been included in his criminal history score. The government is unaware of the reasons for the delayed charging date, but it was a significant assault. Mr. Knapp and another person assaulted the victim such that he sustained a serious head contusion and bruising all over his body. Any conviction on or after December 20, 2013—approximately nine months after the assault—would have been included in his criminal history.

Additionally, Mr. Knapp's 2011 convictions for possessing an assault weapon and destructive device, and his 2012 conviction for possessing armor-piercing ammunition, are not included in his criminal history calculations as they fall outside of the ten-year window by 14 months for one offense and almost three years for the other. Because of this, despite their serious nature and relevance to the instant offense, these convictions are not reflected in his criminal history. The challenged conviction in 2016 is within the applicable time period, and Mr. Knapp's criminal history is not overrepresented.

### Factual Background and Argument

On or around December 19, 2023, Mr. Knapp and his co-conspirators broke into the vault of a Coos County residence and stole approximately one million dollars in cash, as well as gold and silver coins. A co-conspirator also took at least one firearm, a black KelTec pistol with a

**Government's Sentencing Memorandum**                                                    **Page 2**

silencer. They returned to a co-conspirator's residence, where Mr. Knapp was observed possessing a KelTec pistol and seen aiming it and taking out the magazine. In the plea agreement, he admits that he knew the KelTec pistol he possessed was stolen. However, the description of the KelTec pistol he possessed differs from the one taken by his co-conspirator. The government does not know if the two described KelTecs are the same gun or different. The KelTec pistol taken by the co-conspirator was later recovered, a pistol matching the description of the one Mr. Knapp possessed was never located.

Mr. Knapp has the following prior convictions involving weapons or violence:

- Possessing Assault Weapon     (Felony)           2011
  Possessing Destructive Device  (Felony)
  Domestic Violence              (Misdemeanor)

- Poss. Armor-Piercing Ammo     (Felony)           2012

- Assault Likely to Produce GBI  (Misdemeanor)      2016

- Felon in Possession of Firearm  (Felony)          2019

During the investigation of the burglary and related crimes, law enforcement learned of additional information regarding Mr. Knapp's involvement with firearms and accessories. His cellphone was searched, and messages were located from March 17, 2023, nine months before the instant offense:

Hey buddy if you want to bring up the 308 and we can sight it in. Also, if you think [name removed] is interested tell him to bring up a Ar15 today I got something that will make it super fast with no tools no nothing just a drop in part and was bam full auto man

No big deal. I found two lightning links tell him that

Law enforcement spoke to the man Mr. Knapp was messaging. He confirmed Mr. Knapp shot a firearm with him the day of the message, and said it was a pistol that Mr. Knapp brought

**Government's Sentencing Memorandum**                                    **Page 3**

with him. The man was shown a photograph of a pistol found in Mr. Knapp's phone, further described below, but he did not recognize that pistol.

Mr. Knapp also messaged another person on March 19, 2023, writing that he had ordered, "a bunch of really really stupid shit" months ago and it was showing up. He wrote that 90% of it was garbage, but referenced the "lightning link I wanted to give that you. Now I can't find it". His internet search history included November 2023 searches for "glock switch". A lightning link and Glock switch are both machine gun conversion devices.

Also found on his phone was a photograph of a pistol with an extended capacity magazine along with what appeared to be a Glock switch. Multiple individuals cooperating with law enforcement said that the pistol in the photograph appeared to be the same pistol Mr. Knapp possessed prior to the burglary. That pistol was never recovered, and based on its appearance law enforcement believes it is a privately manufactured firearm.

When considering Mr. Knapp's possession of the KelTec pistol, the context matters. It took place in the immediate aftermath of a significant burglary, and follows Mr. Knapp's demonstrated history of illegally possessing firearms and ammunition. Unfortunately, the consequences of the burglary did not end when the co-conspirators left the residence; the vault was open and filled with guns. A series of subsequent burglaries by other individuals released a flood of stolen firearms—including assault rifles—into the community and into the hands of felons. Law enforcement went to great lengths to investigate the initial and subsequent burglaries and to recover the stolen firearms. A number of federal and state cases followed, and Mr. Knapp was convicted of Aggravated Theft I in state court and sentenced to 30 days in jail.

Uncertainties will always remain regarding the first, second, and subsequent burglaries. Which guns were in the vault, and who took what, will be known only to the burglars

**Government's Sentencing Memorandum**                                              **Page 4**

themselves. Though there is digital evidence and statements about Mr. Knapp's possession of firearms, those firearms were never located or examined. Likewise, the KelTec pistol he has pleaded guilty to possessing was never recovered.

The government recognizes Mr. Knapp is a veteran who has struggled with substance abuse and mental health issues. He has done very well on pretrial release, maintaining full employment, providing negative drug tests, and engaging in mental health and substance abuse treatment. Additionally, he admitted his involvement in the burglary early on. Given these and other factors, the government recommends a four-level downward variance pursuant to 18 U.S.C. § 3553(a).

But Mr. Knapp knew full well he was prohibited from possessing firearms. Just over a year prior to the instant offense, his federal supervision was terminated early—supervision that followed his 2019 conviction in the District of Oregon for felon in possession of a firearm. Despite that, he chose yet again to illegally possess a firearm. The totality of his history and the context in which this crime took place supports the government's recommended sentence of 14 months in prison, which is sufficient but not greater than necessary based on the circumstances of this case.

\\\

\\\

\\\

\\\

\\\

\\\

\\\

**Government's Sentencing Memorandum**                                                      **Page 5**

**Conclusion**

For the reasons above, the government respectfully recommends a sentence of 14 months' imprisonment, three years of supervised release, and a $100 fee assessment.

Dated: June 18, 2026

<div style="margin-left: 50%;">

Respectfully submitted,

SCOTT E. BRADFORD
United States Attorney

s/ *Jeffrey S. Sweet*
JEFFREY S. SWEET, OSB #994183
Assistant United States Attorney

</div>